**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SAMMEON LEWIS, | Case No. 2:23-cv-00829-GMN-DJA |
| Petitioner, | |
| v. | **ORDER** |
| NEVADA ATTORNEY GENERAL, et al., | |
| Respondents. | |

*Pro se* Petitioner Sammeon Lewis, who was incarcerated in the custody of the Nevada Department of Corrections,[1] filed a Petition for Writ of Habeas Corpus (ECF No. 1-1) under 28 U.S.C. § 2254. For the reasons discussed below, the Court orders Lewis to show cause why this case should not be dismissed as unexhausted.

**I.     Background**

Lewis challenges a conviction imposed by the Eighth Judicial District Court. *State of Nevada v. Sammeon Lewis*, Case No. C-22-364665-1.[2] On October 5, 2022, the state court entered a judgment of conviction for larceny from person and sentenced Lewis to 12 to 30 months. Lewis did not file a direct appeal; nor did he file a state petition for writ of habeas corpus.

On May 26, 2023, Lewis initiated this federal habeas corpus proceeding *pro se*. ECF No. 1. The Court has considered Lewis's IFP application and concludes that he cannot pay the $5.00 filing fee. The IFP application will therefore be granted. The Court notes that Lewis is released on parole and is no longer incarcerated. Federal habeas corpus law permits prisoners to challenge the validity of convictions for which they are "in custody." *See* 28 U.S.C. § 2254(a); *Maleng v.*

---

[1] The state corrections department's inmate locator page indicates that Lewis is released on parole. *See* https://ofdsearch.doc.nv.gov/form.php (retrieved June 2023 under identification number 1257519).

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

1  *Cook*, 490 U.S. 488, 490 (1989) (*per curiam*).  The custody requirement, however, may be met
2  where a petitioner is not imprisoned, so long as there were "significant restrictions" placed on the
3  petitioner's liberty. *Hensley v. Municipal Court*, 411 U.S. 345, 349 (1973).  A petitioner who is on
4  parole, probation, supervised release, or released on bail is deemed to be "in custody" for habeas
5  purposes. *See e.g., Preiser v. Rodriguez*, 411 U.S. 475, 486 (1973).

**II.    Discussion**

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).  This rule requires courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Here, it appears likely that Lewis's petition is wholly unexhausted in state court and is subject to dismissal without prejudice.  A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A).  This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).  "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) ("Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims.")).  To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available.  *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).  A properly exhausted claim " 'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief'." *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)); *Castillo v. McFadden*,

399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

Lewis has not demonstrated that he has fully exhausted his state court remedies because he has not filed a direct appeal or initiated a state habeas action. Accordingly, Lewis will be required to show cause in writing why this action should not be dismissed because of his failure to exhaust any claim in state court.

**IT IS THEREFORE ORDERED:**

1. Petitioner Sammeon Lewis's Application for Leave to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

2. Within 30 days of the entry of this order, Petitioner Sammeon Lewis must file a "Response to Order to Show Cause," showing cause in writing why this action should not be dismissed without prejudice because of his failure to exhaust his claims in state court. Lewis's showing must be factually detailed, and must, where possible, be supported by exhibits.

3. Failure to timely and fully comply with this order will result in the dismissal of this action without prejudice and without further advance notice.

DATED:    June 15, 2023

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE